IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL NO.: 2:16-378 |
| vs. | ) | |
| | ) | |
| **MICHAEL SLAGER** | ) | |
| | ) | |
| | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR A DISTRICT-WIDE JURY

Defendant Michael Slager requests that the Court find good cause to utilize a district-wide petit jury in the action herein. The government requests that the Court deny the motion and allow the Clerk of Court to draw a petit jury from the Charleston and Beaufort divisions as is generally provided by the Court's jury selection plan. *See* Order Approving Amendment to Jury Selection Plan ("Plan"), No. 3:14MC338 (4th Cir. Nov. 19, 2014). This jury selection plan divides the District into four areas. Relevant to this discussion is the third area, which encompasses the Charleston and Beaufort divisions. Plan at 2.

**1. There has been no showing of good cause to warrant a district-wide petit jury.**

While the Clerk of Court is generally limited to drawing names from a single jury area, the jury selection plan provides the following exception:

> A district-wide petit jury may be used when ordered by the Chief Judge **for good cause shown**. When services of a district-wide petit jury are required, the Clerk of Court shall draw names from each jury area based on each area's percentage of the total names in the master jury wheel.

Plan at 7. (emphasis added).

Defendant has failed to show good cause. In his motion, Defendant cites "extensive pretrial publicity in this case" as the sole reason for requesting a district-wide petit jury. ECF No. 51 at 2.

1

Admittedly, although this case has received extensive media coverage, pre-trial publicity has not been limited to the Charleston and Beaufort area. There has been extensive statewide and national coverage. There is no evidence to suggest that the extent of publicity in the Charleston and Beaufort area exceeds that in the remaining areas of our state.

**2.    There are sufficient safeguards in place to ensure the selection of an impartial jury.**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to a fair and impartial jury. It is well-established that drawing a jury from a single division rather than from an entire district comports with the Sixth Amendment's guarantee. *See Ruthenberg v. United States*, 245 U.S. 480, 482 (1918). Furthermore, jury questionnaires and *voir dire* examination provide additional safeguards for the selection of an impartial jury. *See, e.g., Skilling v. United States*, 561 U.S. 358, 384 (2010) (jury questionnaires); *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) (*voir dire* examination). Absent evidence that a jury drawn from the Charleston and Beaufort area would deny Defendant a fair and impartial jury, the Court should dismiss Defendant's motion. *See also United States v. McGregor*, No. 2:10CR186-MHT, 2011 WL 1344189, at *3 (M.D. Ala. Apr. 8, 2011) (denying a motion for a district-wide petit jury absent provision by a jury selection plan or defendant's showing of good cause).

**3.    Juror travel time and court costs militate against a district-wide petit jury.**

Absent a showing of good cause by Defendant, efficiency concerns weigh against a district-wide petit jury. The jury selection plan states that the purpose of dividing the District into four jury areas is to "minimize juror time and cost to the court." Plan at 2. The geographic span of each jury area was planned so that "all parts of the jury areas are reasonably accessible and no excuse on the basis of distance should be granted." *Id.* at 5. Given this careful planning, a district-wide petit jury is disfavored. For example, if a district-wide juror was selected from Pickens County to serve in the

instant action in Charleston County, that juror would need to endure an eight-hour round trip each day of trial or be provided with lodging, in both instances generating additional court costs. These costs are unnecessary given Defendant's failure to demonstrate good cause.

Based on the foregoing, the government requests that the Court deny Defendant's motion for a district-wide jury.

                              Respectfully submitted,

                              BETH DRAKE
                              UNITED STATES ATTORNEY

By: *s/ Eric Klumb*
     Eric Klumb (#01671)
     Assistant United States Attorney
     151 Meeting Street, Suite 200
     Charleston, South Carolina 29401-2238
     Telephone: 843-266-1678
     Email: eklumb@usa.doj.gov

     *s/ Jared Fishman*
     JARED FISHMAN
     Trial Attorney
     Civil Rights Division, Criminal Section
     U.S. Department of Justice
     601 D Street, NW, 5th Floor
     Washington, DC 20530
     Telephone: (202) 598-1877
     Fax: (202) 514-8336
     Jared.Fishman2@usdoj.gov
     Maryland Bar No. 04-1214-0250

January 17, 2017