UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 2:16-CR-00378-DCN |
| **MICHAEL SLAGER** | * | |
| * * * | | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO USE TRANSCRIPTS

The United States of America, by and through the undersigned attorneys, hereby responds to the Defendants' Motion to Use Transcripts. ECF No. 63. The defendant requests this Court to permit the use of transcripts to assist the jury in understanding audio and video recordings.

While the government does not object in principle to the use of transcripts to aid the jury in accordance with the Federal Rules and Fourth Circuit case law, any use of the transcripts at trial should be limited to the undisputed sections of the audio. Most of the audio content of the recordings will not be disputed by the parties. However, there are limited portions of the audio that are inaudible, or whose interpretations are disputed. For one example, the defense has claimed that Walter Scott made a profane and derogatory statement about the police shortly before he was shot, but the government disputes that interpretation and believes the statement is inaudible.

The government respectfully requests that this Court require the defendant to provide any transcripts that it desires to use at trial before the start of the trial in order to permit the

1

government to lodge objections to specific and significant inaccuracies in the defense's transcripts. *See United States v. Collazo*, 732 F.2d 1200, 1204 (4th Cir. 1984) (noting that parties should lodge specific objections to a transcript); *United States v. Brandon*, 363 F.3d 341, 343 (4th Cir. 2004) (noting that it is incumbent on the parties to identify inaccurate portions of a transcript).

Furthermore, the government requests this Court limit the parties' use of any transcriptions to clearly audible statements. Limits placed on the use of transcripts is within the sound discretion of the court. *United States v. Long*, 651 F.2d 239, 243 (4th Cir. 1981)   Sections of the recording that are in dispute should be excised from the transcripts, or marked "inaudible" or "disputed." *See United States v. Meredith,* 824 F.2d 1418, 1427 (4th Cir. 1987) (approving of the trial judge's marking disputed portions of a transcript "inaudible"); *United States v. Burnside,* 800 F.2d 260 (4th Cir. 1986) (unpublished) (approving of the trial court's excising of inaudible portions from a transcript); *United States v. Carson*, 464 F.2d 424, 436 (2nd Cir. 1972) (approving of the designation "inaudible" for disputed sections of a transcript).

Permitting the defense to make prejudicial interpretations of inaudible material is unduly suggestive and highly prejudicial, as it plants a particular understanding of the recording into the listener's mind.  Such disputed transcriptions should be excluded pursuant to Federal Rule of Evidence 403, as they are unduly prejudicial and would mislead the jury.  While counsel may

argue what he claims can be heard in the inaudible portions of the recording, this Court should not endorse the admission of disputed and highly prejudicial interpretations of the recordings.

        Respectfully submitted,

        BETH DRAKE
        UNITED STATES ATTORNEY

        By: *s/ Eric Klumb*_____
        Eric Klumb (#01671)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401-2238
        Telephone: 843-266-1678
        Email: eklumb@usa.doj.gov

        *s/ Jared Fishman*_____
        JARED FISHMAN
        Special Litigation Counsel
        Civil Rights Division, Criminal Section
        U.S. Department of Justice
        601 D Street, NW, 5th Floor
        Washington, DC 20530
        Telephone: (202) 598-1877
        Jared.Fishman2@usdoj.gov
        Maryland Bar No. 04-1214-0250