IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 2:16-cr-378 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **MOTION AND MEMORANDUM** |
| | ) | **IN SUPPORT OF MOTION TO** |
| MICHAEL THOMAS SLAGER, | ) | **EXCLUDE PREJUDICIAL TERMS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Michael T. Slager ("Slager"), asks this Court for the entry of an Order prohibiting the use of prejudicial terms in the course of jury selection and trial of the above-captioned indictment. Specifically, Slager requests the following relief:

1. That at trial, the Court order that all prosecuting attorneys and witnesses are precluded from referring to the injured party, Mr. Scott, as "victim."

2. That at trial, the Court order that all prosecuting attorneys and witnesses are precluded from referring to Mr. Slager as "Defendant."

3. That at trial, the Court, the parties and all witnesses refer to all persons, including both Mr. Slager and Mr. Scott, by their individual names.

4. That no jury charges issued in this case refer to Mr. Scott as "victim."

5. That no jury charges issued in this case refer to Mr. Slager as "Defendant."

1

**MATERIAL FACTS**

On April 4, 2015, North Charleston Police Officer Michael Slager shot and killed motorist Walter Scott after a foot chase and fight following a traffic stop. The South Carolina Law Enforcement Division (SLED) investigated the shooting and three days later, on April 7, 2015, arrested Slager for murder.

**ARGUMENT**

*References to the Injured Party as "Victim" Violates the Presumption that Slager is Innocent*

Mr. Slager is presumed innocent. "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). It has deep historical roots and is a core tenet of criminal law. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895). Moreover, the U.S. Supreme Court has stated: "[d]ue process commands that no man shall lose his liberty unless the Government has borne the burden of...convincing the fact finder of his guilt." *In re Winship*, 397 U.S. 358, 364 (1970).

As in this case where a defendant denies the allegations, references to the injured party as a "victim" necessarily conveys the speaker's opinion that a crime in fact occurred, evincing a bias against a defendant which patently violates the presumption of innocence. *Jackson v. State*, 600 A.2d 21, 24 (Del. 1991) ("...the word 'victim' should not be used in a case where the commission

of a crime is in dispute."); *State v. Wright*, 2003 WL 21509033, at *2 (Ohio App. July 2, 2003) (unpublished opinion in Northeastern Reporter) ("[T]he trial court should refrain from using the term 'victim,' as it suggests a bias against the defendant before the State has proven a 'victim' truly exists.").

In the federal system the term "victim" refers to someone who has suffered a wrong which ***is a crime.*** "The term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense . . .." 18 U.S.C. § 3771(e)(2)(A). Therefore, it would be erroneous to refer to an injured party as a "victim" when the existence of a crime is in dispute. The term "victim" creates a bias in that it assumes the commission of a crime prior to any such determination by a jury and is accordingly inconsistent with the presumption of innocence. Under the Federal Crime Victims Rights Act, 18 U.S.C. § 3771, no right is established to be referred to as a "victim" during trial, nor is there any such understanding in the definitions of victims under that statutory scheme. Therefore, the injured party in this case has no right to be referred to as "victim."

### *At Trial, References to the Injured Party As "Victim" by the Court or Prosecutors Would Improperly Express a Personal Belief that Slager is Guilty*

The implicit notion attached to the term "victim" suggests an inference of guilt on a defendant, particularly in a case where the jury is asked to determine whether the crime took place. When a judge or prosecutor refers to an injured party as a "victim," this instantly legitimizes the injured party's claim and places a defendant in a position where he must rebut the term itself in order to maintain his cloak of innocence.

Federal law recognizes that it is improper for the prosecutor or the court to express a personal belief in the credibility of a prosecution witnesses. "It is error for the Government to bolster or vouch for their own witnesses." *United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir. 1993)(citation omitted). "Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of the witness . . . ." *United States v. Sanchez*, 118 F. 3d 192, 1999 (4th Cir. 1997). Vouching can "jeopardize the . . . right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985)(citation omitted). Likewise, a judge has the duty to remain scrupulously neutral in speech and in action during the course of a trial. "[A] judge must maintain such a demeanor that every one shall recognize that what is said from the bench is the cool and well-balanced utterance of an impartial judge, and has naught of the heat and partisanship of the advocate." *United States v. Cherry*, 720 F.3d 161, 167 (4th Cir. 2013)(internal quotation marks and citations omitted).

The sensitive nature of this case requires that all parties use content-neutral terms in order to ensure civility and reduce any commentary which could "infect the entire trial with unfairness" and make the trial a denial of due process. *Greer v. Miller,* 483 U.S. 756, 765 (1987). It would also avoid confusion not only by the Court and counsel, but also by the many witnesses in this case, and ensure an accurate record.

***By Using the Term "Victim" and "Defendant" in Jury Charges, the Court Makes Conclusions of Fact and Thereby Invades the Province of the Jury***

The term "victim" should not be included in the charges to the jury. Jurors are the exclusive judges of all questions of fact and the credibility of witnesses. *State v. Nomura*, 79 Hawai'i 413, 417, 903 P.2d 718, 721 (Haw. Ct. App. 1995) "The term 'victim' is conclusive in nature and connotes a predetermination that the person referred to had in fact been wronged." *Nomura*, at 417, 721. In *Nomura*, the court held that the use of the term "victim in a jury instruction violated a state evidentiary rule precluding the court from commenting on the evidence." *Id*. The court reasoned that the witness's status as a victim was the precise issue to be determined by the jury:

> [W]e hold that the reference to a complaining witness as "the victim" in criminal jury instructions is inaccurate and misleading where the jury must yet determine from the evidence whether the complaining witness was the object of the offense and whether the complaining witness was acted upon in the manner required under the statute to prove the offense charged.

*Nomura*, at 722.

In the context of this case, a jury instruction cannot refer to the injured party as a victim without necessarily and wrongly implying that Slager is a criminal. Any reference to the term "victim" in the jury instructions for this case would be highly improper because this term is the functional equivalent of instructing the jury that Slager is guilty.

It should go without saying that the jury instructions should be "drawn in such a manner as to eliminate the possibility that it may be construed as assuming that the evidence shows the guilt of the defendant." *State v. Kinard*, 245 S.W.2d 890, 895 (Mo. 1952). When a judge through his instruction refers to the injured party as the victim and to the accused as the defendant, the jury is compelled to infer that the judge himself believes that the accused has committed the crime. "[A] judge acts improperly if his comments leave the jury no option as to the ultimate decision which they

should reach." *United States v. Tello*, 707 F. 2d 85, 90 (4th Cir. 1983). Thus the jury instructions must avoid this pitfall by avoiding the terms "victim" and "defendant." Additionally, referring to Slager as the Defendant informs the jury that Slager bears some burden to actively defend himself. He simply does not.

## CONCLUSION

For the aforementioned reasons, Slager requests this Court require that all parties refer to the injured party as Mr. Scott and otherwise require that all parties be referred to by their respective names, both at trial and in jury instruction.

Respectfully Submitted,

BY:  *S/Andrew J. Savage, III*
ANDREW J. SAVAGE, III
Federal ID Number. 3734
SAVAGE LAW FIRM
15 Prioleau Street
Charleston, SC 29401
Telephone: 843-720-7470

BY:  *S/Shaun C. Kent*
SHAUN C. KENT
Federal ID Number: 9326
KENT LAW FIRM, LLC
19 South Mill Street
Post Office box 117
Manning, SC 29102
Telephone: 803-433-5368

ATTORNEYS FOR DEFENDANT

Charleston, South Carolina
March 15, 2017

6