## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff**<br><br>v.<br><br>**MICHAEL SLAGER,**<br><br>        **Defendant.** | **Criminal No: 2:16-378** |

### GLOBAL PLEA AGREEMENT

The United States of America, by and through undersigned counsel for the United States, the Defendant Michael Slager, personally and by and through his counsel, Andrew J. Savage, III, Shaun C. Kent, and Donald L. McCune, Jr., and the State of South Carolina, represented by Ninth Judicial Circuit Solicitor Scarlett A. Wilson, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law. By entering into this Plea Agreement, the defendant admits to willfully committing the charged offense, and to being guilty of the offense. The defendant agrees that he is pleading guilty to a crime of violence and, thus, he agrees that he will be detained upon entry of his plea as mandated by 18 U.S.C. 3143(a)(2).

2.     **Elements of the Offense.** In order to sustain its burden of proof, the Government is required to prove the following:

        a.   That, in North Charleston, South Carolina, the defendant deprived Walter Lamar Scott, Jr., of the right to be free from the unreasonable and excessive

1



use of force by a law enforcement officer, a right secured by the Fourth
Amendment to the United States Constitution;

b.  That the defendant acted under color of law;

c.  That the defendant acted willfully; and

d.  That bodily injury or death resulted, or that the offense involved the use of a
    dangerous weapon.

3.  **Maximum Penalties for this Offense**

a.  Maximum Term of Imprisonment:  Life

    No mandatory minimum sentence.

b.  Maximum Fine:  $250,000

    No mandatory minimum fine.

c.  Supervised Release:  5 years

d.  Special Assessment:  $100

4.  **Factual Basis for the Guilty Plea.**  The Defendant and the United States agree
that the following facts are accurate.  The Defendant and the United States agree that the facts
satisfy all of the elements of the offense set forth in this plea agreement.  The parties reserve the
right to bring additional facts to the attention of the Court to be considered for purposes of
determining an appropriate sentence:

On April 4, 2015, Michael Slager was a commissioned police officer with the North
Charleston Police Department (NCPD).  Slager was on duty as a police officer when he stopped
Walter Scott's vehicle after observing that the center brake light was not working.  During the
stop, Scott fled the scene on foot.  Slager engaged in a foot chase of Scott for approximately 200
yards.  During the chase, Slager deployed the probes of his Taser.  His first attempt to use his
Taser was unsuccessful in stopping Scott.  Slager ultimately caught up to Scott and deployed his
Taser probes a second time.

MS 2 of 12

2

After the second Taser deployment, Scott fell to the ground. Scott managed to get off the ground and again run away from Slager. The defendant's Taser dropped to the ground behind the defendant. As Scott was running away, Slager fired eight shots at him from his department-issued firearm. During the time that each of the eight shots were fired, Scott was unarmed and running away from Slager. Five shots hit Scott, all entering from behind. Scott suffered bodily injury and died on the scene as a result of the injuries from the gunshots.

The defendant used deadly force even though it was objectively unreasonable under the circumstances. The Defendant acknowledges that his actions were done willfully, that is he acted voluntarily and intentionally and with specific intent to do something that the law forbids.

5.    **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines and 18 U.S.C. § 3553. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level and, that in making its findings, the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand that this Plea Agreement binds the parties only and does not bind the Court. The defendant understands that the government will advocate for the Court to apply the guidelines for Second Degree Murder and Obstruction of Justice, and reserves the right to seek a guidelines sentence, up to and including a sentence of life

3

MJ  3of 12
VI

imprisonment. The defendant reserves the right to advocate for any sentence he deems

appropriate and the right to request a downward departure and/or downward variance.

6. **Agreements by the United States.** In return for the defendant's plea of guilty as

set forth herein, the United States agrees:

(a)     to dismiss, at the time of sentencing, the remaining counts of the Indictment, specifically those charging the defendant with one count of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

(b)     to not file any additional charges against the defendant arising out of the facts forming the basis for the crimes charged in the Indictment;

(c)     to recommend that the defendant receive a three (3) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. However, the Government will not be required to recommend an adjustment based on acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend an adjustment for acceptance of responsibility.

7. **Agreements by the State of South Carolina.** In return for the defendant's plea

of guilty as set forth herein, the State of South Carolina agrees:

(a)     to dismiss, within five days of the acceptance of this guilty plea, the charge pending in *State v. Slager*, Case No. 2015-GS-10-3466, subject to re-indictment if, for any reason caused by the defendant, the agreement is not fulfilled;

(b)     to not file any additional charges against the defendant arising out of the facts forming the basis for the crimes charged in the Indictment.

The defendant agrees that the Solicitor may address the Court at sentencing on

behalf of the State of South Carolina.

MS 4 of 12
V?

**8.    Agreements by the United States and South Carolina Contingent on Defendant Abiding by Federal and State Law**

The Defendant understands that the United States' Obligation under Paragraph 6 and the State of South Carolina's obligations under Paragraph 7 are expressly contingent upon the Defendant abiding by federal and state laws. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the United States and the State of South Carolina will have the right, at their sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

9.    **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence the defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

10.    **Defendant Has Adequately Consulted with His Attorney.** The Defendant represents to the court that he has met with his attorneys, Messrs. McCune, Shealy, Kent and Savage, on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their

5



attendance at trial by subpoena, the right to confront and cross-examine the government's

witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no

adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel,

has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant

to this Agreement, and has entered this Agreement as a matter of the Defendant's free and

voluntary choice, and not as a result of pressure or intimidation by any person.

  11. **Waiver of Appeal and Collateral Attack.** The Defendant is aware that 18

U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction

and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions

made by the Government in this Plea Agreement, waives the right to contest the conviction in

any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. §

2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial

misconduct, or future changes in the law that affect the defendant's sentence. This agreement

does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b),

nor does it limit the Government in its comments in or responses to any post-sentencing matters.

  12. **Hyde Amendment Waiver.** The defendant further waives any right to seek

attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United

States Code, Section 3006A, and the defendant acknowledges that the Government's position in

the instant prosecution was not vexatious, frivolous or in bad faith.

  13. **Waiver of Rights Under Fed. R. Evid. 410**: By signing this agreement,

defendant expressly and voluntarily waives the protection of Federal Rule of Evidence 410.

Thus, in the event that he violates the plea agreement or, at any time after signing this agreement,

withdraws his offer to plead guilty, any statements he has made or makes in conjunction with or

following this plea agreement – including the statements contained in the Factual Basis for the

6

AJ 6 of 12
KP

Guilty Plea, in paragraph 2 above; any statements he makes to law enforcement that are not covered by a proffer agreement; any re-arraignment colloquies related to this case; any testimony he gives before a grand jury or another tribunal; and any leads from such statements, testimony, or colloquies – shall be admissible for all purposes against him in any and all criminal proceedings. By signing this agreement, Defendant admits that the statements listed above will be admissible against him for any and all purposes if, for any reason, he fails to plead guilty, his plea of guilty is voided, or he withdraws his guilty plea.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about his own criminal conduct, except as specifically authorized by U.S.S.G. § 1B1.8. This information may be revealed to the Court, but may not be used against the defendant to determine his applicable Guideline range or to depart above the applicable Guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if the defendant breaches this Plea Agreement.

16. **Identification of Assets and Agreement Concerning Monetary Penalties,**

7

MJ 7 of 12
VS

## Restitution, Fines, Assessments, and Forfeiture.

The defendant agrees to cooperate fully with the government, and specifically agrees as

follows:

(a)    He agrees to provide a financial statement on a form approved by the United States Attorney's Office that discloses all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within three years preceding the entry of this Plea Agreement.

(b)    He agrees to submit to an examination, prior to and/or after sentencing, that may be taken under oath, and which may include a polygraph examination.

(c)    He acknowledges that any waivers, consents, or releases he signed for purposes of the Presentence Report extend to the United States Attorney's Office and to the Civil Rights Division of the U.S. Department of Justice.

(d)    He agrees to not encumber, transfer, or dispose of any monies, property, or assets under his custody or control, without written approval from the United States Attorney's Office.

(e)    He understands and agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment) will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, he understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If he is incarcerated, he agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(f)    If he posted funds as security for his appearance in this case, he authorizes the Court to release the funds and apply them to satisfy his financial obligations pursuant to the Court's judgment.

(g)    He waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment the Court announces on the record the day of sentencing.

17.    **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court

accepts this Plea Agreement, but imposes a sentence with which the defendant does not agree,

the defendant will not be permitted to withdraw his guilty plea.

8

18.    **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in this agreement. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

19.    **Full Disclosure by United States.** The defendant understands that the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands that these disclosures are not limited to the count of the Indictment to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office as he deems appropriate.

20.    **Parties to the Agreement.** The defendant understands that this Plea Agreement binds only him, the United States Attorney's Office for the District of South Carolina, the Civil Rights Division of the U.S. Department of Justice, and the State of South Carolina, and that it does not bind any other federal, state, or local prosecution authority.

9

21.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

10

MAY 1, 2017
Date

MAY 1, 2017
Date

MAY 2, 2017
Date

May 1, 2017
Date

MICHAEL SLAGER, DEFENDANT

ANDREW J. SAVAGE, III
ATTORNEY FOR THE DEFENDANT

SHAUN C. KENT
ATTORNEY FOR THE DEFENDANT

DONALD L. MCCUNE, JR.
ATTORNEY FOR THE DEFENDANT

BETH DRAKE
UNITED STATES ATTORNEY

May 2, 2017
Date

ERIC KLUMB (#01671)
ASSISTANT UNITED STATES ATTORNEY

May 2, 2017
Date

JARED FISHMAN
SPECIAL LITIGATION COUNSEL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

May 2, 2017
Date

SCARLETT A. WILSON
SOLICITOR, NINTH JUDICIAL CIRCUIT
STATE OF SOUTH CAROLINA

11

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.**

| ACCOUNT INFORMATION | |
| --- | --- |
| **CRIM. ACTION NO.:** | 2:16-378 |
| **DEFENDANT'S NAME:** | MICHAEL SLAGER |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | **(date plea agreement signed)** |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* ***(Do Not send cash)***

12